**James E. HALL, Plaintiff-Appellant,**

v.

**REGAL ENTERTAINMENT GROUP, Defendant-Appellee.**

**No. 16-17122**

United States Court of Appeals, Ninth Circuit.

Submitted December 7, 2017 *
San Francisco, California

Filed December 11, 2017

Boyd Jensen, Garrett & Jensen, Riverside, CA, for Plaintiff-Appellant

Nicholas Schieffelin, Ernest Weiss, Klinedinst PC, Santa Ana, CA, for Defendant-Appellee

See Fed. R. App. P. 34(a)(2).

Before: SCHROEDER and KOZINSKI, Circuit Judges, and ELLIS,** District Judge.

### MEMORANDUM ***

"Where [a] dangerous condition is brought about by ... third persons ... or by other causes which are not due to the negligence of the owner, or his employees, then to impose liability the owner must have either actual or constructive knowledge of the dangerous condition[.]" Hatfield v. Levy Bros., 18 Cal.2d 798, 117 P.2d 841, 845 (1941).

Hall alleges that Regal had constructive knowledge of the spill because: (1) Regal's ushers aren't provided "carpet cleaner, cleaning solutions, or scrapers" to clean spills; (2) no one addressed the spill for at least 30 minutes after Hall reported it; and (3) Hall's expert inspected the theater three years later and observed "[s]lippery and sticky spots" on the carpet. These allegations may indicate that Regal didn't properly clean up spills after Hall slipped, but they have no bearing on Regal's constructive knowledge of the dangerous condition beforehand. "In the absence of actual or constructive knowledge of the dangerous condition, the owner is not liable." Moore v. Wal-Mart Stores, Inc., 111 Cal.App.4th 472, 3 Cal. Rptr.3d 813, 816 (2003).

**AFFIRMED.**

---

** The Honorable Sara Lee Ellis, United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.